# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                          |     |                        |
|--------------------------|-----|------------------------|
| STATE OF DELAWARE,       | )   |                        |
|                          | )   |                        |
| Respondent/Plaintiff,    | )   |                        |
|                          | )   |                        |
|                          | )   |                        |
|                          | )   |                        |
| v.                       | )   | Cr. ID. No. 1506018431 |
|                          | )   |                        |
|                          | )   |                        |
|                          | )   |                        |
| STEPHANIE M. DESOLA,     | )   |                        |
|                          | )   |                        |
| Petitioner/Defendant.    | )   |                        |

Submitted: November 21, 2016
Decided: January 4, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Joseph Grubb, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French St. 7th Floor, Wilmington, DE, 19801. Attorney for the State.

Brian T.N. Jordan, Esquire, 704 North King Street, Suite 600, Wilmington, DE 19801. Trial Counsel.

Stephanie M. Desola, 85 Sunnybrook Dr., Elkton, MD, 21921-7857. Petitioner, *pro se*.

MANNING, Commissioner:

This 3rd day of January, 2017, upon consideration of petitioner/defendant Stephaine M. Desola's motion for postconviction relief (hereinafter "Motion"), I find and recommend the following:

## Facts and Procedural History

On July 2, 2015, Desola was charged by information with one count of Theft over $50,000 in violation of 11 *Del. C.* § 841(c)(3)(a). The charge alleged that Desola stole over $50,000 from her employer, Chesapeake Insurance Advisors ("CIA"). Desola's case was the result of an investigation by the FBI and the IRS. Initially, Desola's case was handled by the United States Attorney's Office for the District of Delaware. However, after negotiations by her attorney, Desola's case was transferred to the State of Delaware, Superior Court, for plea purposes.

On July 8, 2015, after additional negotiations, Desola pleaded guilty to one count of Theft over $50,000. Desola was sentenced immediately to five years at Level Five, suspended for six months at Level Four, followed by one year at Level Three probation. The Court's sentence followed the joint recommendation made by the State and Desola. On July 24, 2015, Desola sought, and was granted, a sentence modification to remove the Level Four portion of her sentence because she lived in Maryland and was thus not a candidate for home confinement. Desola is currently on Level Three probation. Desola did not appeal her conviction to the Delaware Supreme Court. Desola filed a *pro se* motion for

1

postconviction relief on June 27, 2016. Desola's Motion was assigned to the undersigned commissioner on July 8, 2016. A briefing schedule was issued on July 20, 2016. The State and Trial Counsel both filed responsive pleadings thereafter. Desola filed her Response on November 21, 2016.[1]

Collateral to the criminal case, CIA filed a civil complaint against Desola and her husband in the Court of Chancery on August 7, 2014.[2] In its civil suit, CIA alleges, *inter alia*, that Desola committed Fraud, Breach of Agency and violated her Duty of Loyalty to CIA in her role as office manager. The matter is currently unresolved and pending trial before Vice Chancellor Laster. As of May 26, 2016, Desola discharged her attorney, Brian T.N. Jordan, from representing her in the Chancery Court case and is now proceeding there *pro se*. Mr. Jordan was also counsel to Desola for the criminal case in Superior Court at all relevant times.

Desola's claims for postconviction relief, quoted verbatim, are as follows:

> Ground One: Suppression of favorable evidence. Victim knowingly omitted and secreted information and evidence related to the matter during the State/FBI investigation which would have exonerated any wrongdoing on my behalf. Furthermore, the Victim is continuing to seek relief for additional fees without acknowledging or any admission to the contributions I actually made on behalf of the Victim.[3]

---

[1] D.I. #24.

[2] C.A. No.: 10018 VCL

[3] Motion at p3.

Ground Two: False and Erroneous allegations. Victim knowingly made false and erroneous claims in matter in order to secret information. Victim was aware of actions taken by myself involving company finances. Proof of Victims knowledge is evident in text messages exchanged as well as in person meetings with Victims creditors. Victim agreed to pay back all contributions with interest (as stated in text messages), information which was never disclosed to the Attorney General's Office, the State or the FBI. As a result of the criminal matter, I have suffered additional losses, outside of unaccounted $322,087.95 contributed to the Victims business which was not considered in this case.[4]

Ground Three: Improper representation, ineffective assistance of legal counsel. As a result of the erroneous Civil Litigation, the fraudulent Criminal allegations by the Victim and subsequent Criminal matter, I could not afford proper criminal counsel and was unable to secure a criminal attorney for this matter. This caused me to relying on the legal guidance of my civil counsel which was inappropriate and ineffective. I was unaware that critical information was not submitted into evidence with the courts, nor was it presented to opposing counsel the courts at the time of the restitution hearing.[5]

Desola further explains that:

All of the above grounds were never raised in this case due to 1) the victim either denying and/or suppressing critical evidence; 2) the Victim's false claims which were not thoroughly investigated; 3) details of the false and improper evidentiary information were not provided to me or my attorney; 4) my attorney was not versed in criminal law, does not have a strong understanding of plea agreements and was therefore ineffective in managing and advising in this case.[6]

---

[4] Id.

[5] Id.

[6] Id.

3

Based upon my review of Desola's Motion, I do not see the need for an evidentiary hearing. The arguments presented by Desola in her Motion can be fully addressed with the factual record created by the pleadings and other information currently available in the Court's file.

**Legal Standard**

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[7] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[8]

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[9] Most germane to this case, mere allegations of ineffectiveness will not suffice—a defendant must make and

[7] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[8] *Id.*

[9] *Id.* at 697.

4

substantiate concrete allegations of actual prejudice.[10] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[11]

In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be viewed from his or her perspective at the time decisions were being made.[12] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight. Second guessing or "Monday morning quarterbacking" should be avoided.[13]

The procedural requirements of Superior Court Criminal Rule 61 must be addressed before considering the merits of any argument.[14] Desola's Motion was timely filed, is not repetitive, and none of the claims she raises were previously adjudicated in any forum. Therefore, Desola's Motion is not procedurally barred under Rule 61(i)(1), (2) or (4).

---

[10] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[11] *Strickland*, 466 U.S.at 691.

[12] *Id.*

[13] *Id.*

[14] *See Younger*, 580 A.2d at 554.

## Analysis

"In order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must show that, but for her counsel's unprofessional errors, she would not have pleaded guilty, but would have insisted on proceeding to trial."[15] In this case, Desola can make no such showing.

Given the unambiguous information contained in the guilty plea paperwork, I have no doubt that Desola's plea was knowingly, intelligently and voluntarily entered and that she knew the correct penalty range she faced at the time she entered her guilty plea. When asked to answer "yes" or "no" on the Truth in Sentencing Guilty Plea Form if Desola was "satisfied with [her] lawyer's representation [of her], and that [her] lawyer has fully advised [her] of [her] rights?" Desola checked the "yes" box. In the absence of clear and convincing evidence to the contrary, Desola is bound by her representations to the Court.[16] Outside of Desola's conclusory allegations, there is nothing in the record to indicate that she was not properly represented or advised by her attorney before she entered her guilty plea.

Desola's first two grounds for relief can best be summarized as "the victim is lying" and "I am a victim too." If Desola felt so strongly about the matter, then

---

[15] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004) (Citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[16] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

she should have exercised her right to go to trial. Because Desola could have raised both of these argument via a trial, but elected not to, both claims are procedurally barred under Rule 61(i)(3).[17]

It is very clear form her voluminous filings that Desola is unhappy with the amount of restitution she was ordered to pay, and the civil case still pending against her in the Court of Chancery. However, neither of these facts makes anything her attorney did, or did not do, in connection with his representation of her deficient under *Strickland* as far as I can see.

In Ground Three, Desola argues that because her attorney did not normally practice criminal law, his guidance was "inappropriate and ineffective." Additionally, Desola argues she was "unaware that critical evidence was not [being] submitted into evidence with the court, nor was it presented to opposing counsel… ."[18]

That fact that Desola's attorney did not normally practice criminal law does not trigger any "presumption of ineffectiveness."[19] My review of the facts in this

---

[17] Rule 61(i)93) Procedural Default. -- Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of the court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from the violation of the movant's rights.

[18] Motion at p3.

[19] *United States v. Cronic*, 466 U.S. 648, 665 (1984).

case, including the large amount of documents included with Desola's Response,[20] reveals this case to have been a complex one of internal theft and fraud; however, I do not see any missteps by Desola's attorney—the evidence that Desola committed theft over $50,000 is compelling. Finally, and fatal to her claim, Desola fails to identify exactly what evidence her attorney failed to present to the court or opposing counsel, that would have changed the outcome of this case. Desola's Response,[21] which reads much like a complaint in a civil case, contains 37 pages of argument as to why she should not have been held accountable for the Theft and over 100 pages of various text messages and other financial documents. These documents are presented *en masse* and, unhelpfully, left for the Court to decipher.

Desola's Motion is devoid of any concrete examples of how her attorney's representation of her was deficient, or how that deficient representation prejudiced her. Desola has failed to show that, but for errors her attorney made, she otherwise would not have pleaded guilty. The bottom line is that Desola was given the opportunity to plead guilty to felony theft in state court with a recommendation for probation—thereby avoided at least a two-year minimum/mandatory federal sentence—and she agreed to it. However, Desola now regrets her decision and is unhappy with her former attorney.

---

[20] D.I. # 30.

[21] *Id.*

## Conclusion

Desola's claims are conclusory allegations unsupported by the record and all fail to meet the standard for relief under Rule 61 and *Strickland*.

For the foregoing reasons, Desola's Motion should be DENIED. Additionally Desola's Motion is so lacking in merit that it could be Denied and Summarily Dismissed pursuant to Super Ct. Crim. Rule 61(d)(5).

**IT IS SO RECOMMENDED.**

BRADLEY V. MANNING,
Commissioner

oc: Prothonotary
cc: Defendant via first class mail, counsel via e-mail

9